JOHN L. PETTIT v. NEW JERSEY PAINT WORKS, HARRY LOUDERBOUGH, INCORPORATED.

Decided March 3, 1927.

Contracts—Employment—Employe and the President of Employer Corporation Had Proposed an Increase, and a Fixed Term of Years—The Corporate Employer, Through Its Board of Directors, Accepted the Proposition so far as it Related to the Increase, but Rejected the Fixed Tenure—They Then Terminated the Employment Before the Fixed Term of Years Would Have Expired—Plaintiff's Claim That He was Not Bound by the Resolution as he Had Not Seen it Cannot be Sustained—He was Dealing With a Corporation Which Acted Through Its Board of Directors—By Accepting the Salary *Increase He Accepted the Corporation's Modification of His* Proposition.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Charles L. Carrick* and *Robert H. McCarter.*

*Contra, Harrison & Roche.*

PER CURIAM.

The plaintiff brought suit to recover damages for an alleged unlawful discharge from his employment by the defendant corporation. The proofs submitted by him showed that originally he was employed by the defendant corporation at a salary of $3,600 per year; that from time to time thereafter his compensation was increased; that in the year 1920 an agreement was entered into between himself and the defendant company's president to the effect that his employment should be for a term of ten years, at an annual salary of $4,500, that being the compensation which he was receiving at the time of the alleged agreement; that in 1921, considering that he should have a larger salary than that provided for in the ten-year agreement, the plaintiff had a conference with the president of the company with relation to an increase, and that it was then agreed between them, subject to the approval of the board of directors of the defendant company, that the plaintiff, in addition to his then present salary, should receive a bonus to be calculated on a basis of twenty per cent. of the annual profits made by the company after deducting therefrom a sum sufficient to pay a dividend of eight per cent. on the capital stock; that the matter was then submitted to the board of directors of the company for its approval or disapproval; that the board, after a consideration of the matter, passed a resolution affirming the action of the president, so far as the twenty per cent. proposition was concerned, but providing that the terms of the plaintiff's employment might be terminated at the end of any year by the action of the board whenever it should seem to that body that such action would be in the best interests of the stockholders; that the resolution was adopted in July, 1921, and that the last of May, in the year 1923, he was discharged by a subsequent resolution of the board of directors. It further appeared in the proofs that he accepted the action of the board of direc-

tors, so far as the increase in his compensation by the payment of said twenty per cent. of profits was concerned. The theory upon which his suit is rested is that, although he accepted the action of the board, so far as such increase in his compensation was concerned, he was not bound by the provision that reserved to the board the power to discharge him from the service of the company when it should appear that such discharge would be for the best interests of the stockholders, because he had no knowledge that such reservation was contained in the resolution. He knew that the board had passed a resolution dealing with the matter of the proposed increase of his salary, but he says he saw no reason why he should take the trouble to read it and find out its scope; that he did not do so, and that his failure in this regard nullified the action of the board, so far as its power to discharge him was attempted to be reserved. In other words, his claim is that the action of the board, so far as it was beneficial to him, became a contract between the company and himself, but that, so far as it was derogatory to his interests, it had no effect. This seems to have been the view of the trial court, as expressed in the charge to the jury, and on this basis the jury rendered a verdict in favor of the plaintiff, assessing his damages at $8,500, this amount being fixed as compensation for the loss of the contract during that portion of the ten years which was still to run.

We think the view of the trial court as to the effect of the resolution is unsound. The plaintiff knew that, in accepting the bonus, or extra compensation, provided for in the directors' resolution of July, 1921, he was dealing with a corporation which was acting through its directors by resolution. He was entitled either to accept or reject the contract offered by the resolution. He could not accept it in part and reject it in part, except with the consent of the board of directors. He cannot relieve himself from the obligation to ascertain what the offered contract was by saying that he did not see fit to read the resolution. He accepted the increase provided by the resolution, and by doing so he ratified the contract as tendered by the board. Counsel for the defendant re-

quested the court to charge to this effect, and the request was refused. This, we consider, was legal error.

The rule to show cause will be made absolute.